FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ AUG 02 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
ANTHONY PERRI,

          Plaintiff,

-against-

RAYMOND KELLY, Commissioner, The New
York City Police Department; JOSEPH CAMPISI,
Chief, The Internal Affairs Division, The New York
City Police Department; DIANA PIZZUTI,
Commander, Patrol Borough Queens North, The
New York City Police Department; JAMES
O'NEAL, Deputy Chief, The New York City Police
Department; INSPECTOR RICHARD
NAPOLITANO, Commanding Officer, The 110th
Precinct, The New York City Police Dep't;
POLICE OFFICER, badge # 1398, The New York
City Police Department, in their individual and
official capacities; and THE CITY OF NEW
YORK,

          Defendants.
----------------------------------------------------------x

NOT FOR PRINT OR
ELECTRONIC PUBLICATION

**MEMORANDUM AND ORDER**

11 CV 3208 (CBA)

AMON, Chief United States District Judge:

    Plaintiff Anthony Perri filed this pro se action on July 5, 2011. He paid the requisite filing fee to commence the action. For the reasons that follow, the action is dismissed without prejudice.

## BACKGROUND

    Plaintiff is a frequent litigant in this Court. See Perri v. Bloomberg, et al., No. 06 CV 403 (CBA), 2011 WL 2119331 (E.D.N.Y. May 27, 2011) (approving settlement and dismissing the case); Perri v. Cardozo, et al., No. 06 CV 2846 (ARR) (E.D.N.Y. Sept. 25, 2006) (case dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim on which relief could be granted); Perri v. The United States District Court for the E.D.N.Y., et al., No. 07 CV 282 (ARR)

(E.D.N.Y. Jan. 30, 2007) (same); Perri v. City of New York, et al., No. 08 CV 451 (ARR), 2009 WL 3839317 (E.D.N.Y. Nov. 17, 2009) (dismissed without prejudice, following appeal and remand), aff'd, 382 F. App'x 27, 2010 WL 2563404 (2d Cir. 2010); Perri v. Obama, et al., No. 10 CV 5038, 2010 WL 4961802 (E.D.N.Y. Nov. 30, 2010) (dismissed without prejudice); Perri v. Obama, et al., No. 11 CV 165 (ARR), 2011 WL 685826 (E.D.N.Y. Feb. 15, 2011) (dismissed without prejudice); Perri v. Ross, et al., No. 11 CV 1359 (CBA) (E.D.N.Y. June 6, 2011) (dismissed without prejudice).

In one of plaintiff's previous cases, the Court of Appeals for the Second Circuit directed this Court to consider whether a guardian ad litem should be appointed for plaintiff under Rule 17(c) of the Federal Rules of Civil Procedure. Perri v. City of New York, No. 08 CV 451 (ARR), slip op. (Feb. 19, 2008) (dismissed as frivolous), vacated by Perri v. City of New York, 350 F. App'x 489, 2009 WL 3227430 (2d Cir. 2009) (remanding for determination as to whether appointment of guardian ad litem was necessary).

In that case, the Court considered whether plaintiff was entitled to such appointment and determined that no guardian need be appointed to adequately protect plaintiff, because no guardian ad litem could save plaintiff's claims from dismissal. 2009 WL 3839317, aff'd, 382 F. App'x 27, 2010 WL 2563404 (2d Cir. 2010).

In another of plaintiff's cases, Perri v. Bloomberg, 06 CV 403, slip op. (E.D.N.Y. Dec. 28, 2010) (Docket Entry # 209), the Court appointed Ian Feldman, Esq., Director of the Mental Health Unit at the Urban Justice Center, to be plaintiff's pro bono guardian ad litem. Mr. Feldman subsequently negotiated a settlement for plaintiff with the City of New York.

The settlement was approved by the Court on May 27, 2011. Perri v. Bloomberg, et al.,

No. 06 CV 403 (CBA), 2011 WL 2119331 (E.D.N.Y. May 27, 2011) (adopting Report and Recommendation finding that the settlement reached between the City of New York and Mr. Perri's appointed guardian ad litem was "fair, reasonable, and adequate," and dismissing the case).

Plaintiff's instant complaint alleges that defendant police officials used civilians to stalk and assault plaintiff and entrap him in criminal activity. (Compl. ¶¶ 9-10.) Plaintiff alleges that from the time he filed a prior suit in 2006 (06 CV 403) "until the present date, I have been attacked and set-up nonstop in my home, doctors & dentist offices, Supermarkets, Department Stores, Public Parks, Public Libraries, on the street and every other place that I travel by members of the New York City Police Department & civilians directly connected to them." (Id. ¶ 9.)

He alleges that police officers have used "thousands" or even "hundreds of thousands" of civilians as "confidential informants" to commit crimes or entrap citizens. (Id. ¶¶ 10-11, 14.) He further alleges that defendants have used civilians "to commit sensational, property and other crimes here in New York & across the United States to influence the Court and Federal officials decisions in my case." (Id. ¶ 10.)

Plaintiff also alleges that members of the New York City Police Department and civilians in their employ have driven him out of five different residences. (Id. ¶ 10.) He asserts that "these police control numerous real estate holdings. Thus, they place people all around the victim that is being stalked." (Id. ¶ 12; see also id. ¶¶ 22, 32.) Plaintiff alleges that these neighbors have attempted to poison his food and otherwise attacked or harassed him. (Id. ¶¶ 23-30.)

3

Plaintiff asserts that defendants Raymond Kelly, Diana Pizzuti, and Richard Napolitano "are all aware of this Illegal use of civilians in my case & have been informed numerous times in writing." (Id. ¶ 12.) He alleges that each of these defendants has failed to properly supervise or investigate complaints. (Id. ¶¶ 33-35.) He claims that "Commissioner Kelly actually acts as spin master of their crimes to the news media." (Id. ¶ 12.)

Plaintiff further asserts that these supervisory officials "Created a Policy or custom, or allowed such custom to continue, that used civilians to violate my civil rights as described herein." (Id. ¶ 33; see also id. ¶¶ 34-35.) Plaintiff also asserts that the City of New York and its officials and Corporation Counsel have created and maintained a policy of using police and civilians to violate the civil rights of individuals who bring lawsuits against the City. (Id. ¶¶ 36-40.)

Plaintiff alleges that defendant Joseph Campisi, whom plaintiff identifies as the chief of the Internal Affairs Division of the NYPD, responded to plaintiff's complaints by trying to have him committed to a mental health facility. (Id. ¶ 12.) Plaintiff alleges that defendant Police Officer, Badge # 1398 and defendant James O'Neal followed him around on specific occasions in 2007 and 2008. (Id. ¶¶ 13-14.)

Plaintiff attaches copies of photographs of individuals, dressed in plain clothes, whom he claims to be these police officers. (Id.; Exhibits, ECF pp. 14-18.) He requests the Court's assistance to identify the individuals in other photographs he attaches, whom he also alleges to be police officers. He asserts that one of the photographed individuals, whom he identifies as "NYPD officer Jane Doe," the partner of "NYPD Police officer badge # 1398," punched him in the face after he took her photograph. (Compl. ¶ 13(A); Exhibit, ECF p. 14.)

He seeks a declaration that his rights have been violated and a criminal investigation into his allegations. He demands $20 million in compensatory and punitive damages.

In addition to the Complaint and five pages of photographs, plaintiff attaches a "Memorandum" in which he summarizes "previous set-ups," arrests, and lawsuits between 1981 and 2006. He also mentions several officials, family members, and friends who have died during this period. Plaintiff suggests that the dates of various deaths and other events are related to his court filings and rulings. (Mem. ¶ 9.)

## DISCUSSION

### A. Standard of Review

The Court is mindful that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citations omitted). Furthermore, the pleadings must be read liberally and interpreted as raising the strongest arguments they suggest. McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). "The failure in a complaint to cite a statute, or to cite the correct one, in no way affects the merits of a claim. Factual allegations alone are what matters." Northrop v. Hoffman of Simsbury, Inc., 134 F.3d 41, 46 (2d Cir. 1997) (quoting Albert v. Carovano, 851 F.2d 561, 571 n.3 (2d Cir. 1988) (en banc)).

If a liberal reading of the complaint "gives any indication that a valid claim might be stated," this Court must grant leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000); see also Gomez v. USAA Fed. Sav. Bank, 171 F.3d 794, 795 (2d Cir. 1999).

Regardless whether a plaintiff has paid the filing fee, a district court has the inherent

5

power to dismiss a case, sua sponte, if it determines that the action is frivolous. <u>Fitzgerald v. First East Seventh Street Tenants Corp.</u>, 221 F.3d 362, 363-364 (2d Cir. 2000). An action is frivolous when "either: (1) the factual contentions are clearly baseless, such as when allegations are the product of delusion or fantasy; or (2) the claim is based on an indisputably meritless legal theory." <u>Livingston v. Adirondack Beverage Co.</u>, 141 F.3d 434, 437 (2d Cir. 1998) (internal quotations and citations omitted). "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible." <u>Denton v. Hernandez</u>, 504 U.S. 25, 33 (1992).

B. <u>Frivolous Claims</u>

Plaintiff's instant claims rise to "the level of the irrational or the wholly incredible." <u>Id.</u> Plaintiff alleges that police officers have surrounded him with thousands of civilian accomplices to cause him harm or entrap him in criminal activity.

In support of his claims, he presents photographs that he has taken and describes interactions with his neighbors. Plaintiff claims that the photographs are of police officers in plain clothes, whom he believes have followed him into stores and around the neighborhood. The photographs show people in parks and supermarkets. Plaintiff claims that one individual, whom he believes was a police officer in plain clothes, punched him in the face after he took her photograph. He attaches a photograph of a man and a woman in a supermarket with a shopping cart. (Compl. Ex., ECF p. 14.) He alleges no facts suggesting at all that these individuals are actually police officers.

Plaintiff alleges that various neighbors have tried to poison him and states that he has suffered chest pains, shortness of breath, and other episodes of ill health after smells had entered

6

his room or neighbors came near his food. (Compl. ¶¶ 23, 25.) He further alleges that "the landlords have used gas or chemicals every single night to knock me out or make me sick" (id. ¶ 30), and "Today the food I eat, the air I breath[e], the people at the residence where I lived are all controlled by the NYPD & officials of the City of New York" (id. ¶ 32).

Finally, plaintiff alleges that the tragic deaths of various officials, family members and friends are all related to the dates of his own criminal and civil court proceedings.

None of these allegations are plausible; rather, they are the product of delusion or fantasy. Thus plaintiff's instant complaint is frivolous.[1]

### C. The Application of Rule 17(c)(2)

Plaintiff has a history of mental illness. Rule 17(c)(2) of the Federal Rules of Civil Procedure provides: "The court must appoint a guardian ad litem – or issue another appropriate order – to protect a minor or incompetent person who is unrepresented in an action." The duty to "appoint" or "issue another appropriate order" arises after a determination of incompetency. Ferrelli v. River Manor Health Care, 323 F.3d 196, 201 (2d Cir. 2003). A court is under no obligation to inquire sua sponte into a pro se plaintiff's mental competence. Id. at 201, 203.

However, the Second Circuit has directed that it would likely be an abuse of discretion not to consider the application of Rule 17(c) if the court "is presented with evidence from an appropriate court of record or a relevant public agency indicating that the party had been adjudicated incompetent, or if the court received verifiable evidence from a mental health professional demonstrating that the party is being or has been treated for mental illness of the

---

[1] The Court notes that plaintiff recently filed an action, Perri v. Bloomberg, et al., 11 CV 2646 (CBA), that is not the product of delusion or fantasy and that is proceeding against the City of New York and Adult Protective Services.

7

type that would render him or her legally incompetent." Id. at 203.

The Court was previously presented with evidence of plaintiff's incompetence in Perri v. Bloomberg, 06 CV 403 (CBA), and determined that a guardian ad litem was necessary to protect his interests in that case.

However, the Court finds that it need not appoint a guardian ad litem in the instant action. The Court has carefully reviewed plaintiff's complaint and finds that appointment of a guardian ad litem in this proceeding would be futile, because no guardian could save plaintiff's claims from dismissal. Plaintiff's claims regarding a scheme by New York City Police Officials to stalk, assault, poison, and entrap him are fantastic and delusional. No matter how these allegations are presented, they will always be fantastic and delusional.

The Second Circuit has advised that in cases involving incompetent plaintiffs: "if the court views it as clear that no substantial claim could be asserted on behalf of [an incompetent plaintiff], it may dismiss the complaint, but without prejudice." Berrios v. New York City Housing Authority, 564 F.3d 130, 135 (2d Cir. 2009).

Faced with the incredible claims in plaintiff's complaint, and mindful of the need to conserve resources,[2] the Court finds that no guardian ad litem need be appointed, as no substantial claim could be asserted on plaintiff's behalf in this action. See Burke v. Coughlin, Docket No. 86-CV-1174E (M), 1995 WL 350349 (W.D.N.Y. May 30, 1995) (declining to appoint a guardian ad litem where the action was unlikely to continue).

Accordingly, although it is frivolous, the complaint is dismissed without prejudice. See

---

[2] There is no organization nor funding to provide guardians ad litem in federal court. The Court relies on pro bono volunteers, who are few and in great demand.

8

Gabris v. New York City Taxi & Limousine Comm'n, No. 05 Civ. 8083 (HB), 2005 WL 2560384, at *3 (S.D.N.Y. Oct. 12, 2005) (dismissing without prejudice a fee-paid complaint with "no arguably meritorious issue," citing Fitzgerald, 221 F.3d at 364); Fauber v. Commonwealth, No. 10-cv-059, 2010 WL 5013933, at *3 (W.D. Va. Nov. 30, 2010) (dismissing without prejudice a frivolous fee-paid case); Srivastava v. Daniels, No. 10 CV 53 PPS PRC, 2010 WL 2539451, at *4 (N.D. Ind. Jun. 14, 2010) (dismissing without prejudice a fee-paid complaint where "outlandish and frivolous arguments liberally scattered throughout the 76 page Complaint make it exceedingly difficult for the Court to determine whether a valid claim was alleged").

## CONCLUSION

Accordingly, the Court declines to appoint a guardian ad litem and dismisses the instant action without prejudice. The Clerk of Court is directed to close this case. For purposes of in forma pauperis status on appeal, the Court certifies that no appeal would be taken in good faith. 28 U.S.C. § 1915(a)(3); see Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

/S/

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
August 2, 2011