FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ OCT 19 2011 ★
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
ANTHONY PERRI,

                Plaintiff,

                -against-

RAYMOND KELLY, Commissioner, The New York City Police Department; JOSEPH CAMPISI, Chief, The Internal Affairs Division, The New York City Police Department; DIANA PIZZUTI, Commander, Patrol Borough Queens North, The New York City Police Department; JAMES O'NEAL, Deputy Chief, The New York City Police Department; INSPECTOR RICHARD NAPOLITANO, Commanding Officer, The 110th Precinct, The New York City Police Dep't; POLICE OFFICER, badge # 1398, The New York City Police Department, in their individual and official capacities; and THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------x

NOR FOR PUBLICATION
**MEMORANDUM AND ORDER**

11 CV 3208 (CBA)

**AMON, Chief United States District Judge**:

    Plaintiff Anthony Perri filed this *pro se* fee-paid action on July 5, 2011. The Court dismissed the complaint without prejudice on August 2, 2011. On September 2, 2011, plaintiff filed a motion for relief from the judgment on the grounds of fraud, misconduct, or misrepresentation, pursuant to Rule 60(b)(3) of the Federal Rules of Civil Procedure. For the following reasons, the motion is hereby denied.

    The instant civil action is one of many plaintiff has filed in this Court. Most of plaintiff's prior cases have been dismissed by the Court as frivolous. The instant action alleged a massive conspiracy by prominent government figures, local police officers, and thousands of civilians to stalk and assault plaintiff and entrap him in criminal activity. The complaint also linked local

and national newsworthy events and the tragic deaths of various officials, family members and friends to the alleged conspiracy against plaintiff. Plaintiff attached various newspaper clippings and photographs that he had taken. In its August 2, 2011 Order, the Court found that plaintiff's allegations are the product of delusion or fantasy, and dismissed the action as frivolous.

Plaintiff's Motion for Reconsideration alleges that this dismissal, and the dismissal of several of his prior lawsuits, were the product of "Fraud, Misconduct, & Misrepresentation" by the judges presiding over his case. In an attachment labeled "Memorandum of Law/ The Perri Report; Emergency Document" ("Mem."), plaintiff does not allege any specific facts of fraud or misconduct related to the Court's dismissal of this action, or the proceedings that led to the dismissal, but instead reiterates his claim that he has been stalked and assaulted, and that numerous public tragedies and news events are connected to the conspiracy against him. He again attaches voluminous exhibits, consisting of newspaper clippings, photographs, and copies of letters he has received from various government entities. He concludes that the various judges who have dismissed his cases as frivolous have committed fraud by taking away his ability to obtain relief for the harm that the government's actions have caused him.

Rule 60(b)(3) of the Federal Rules of Civil Procedure, pursuant to which Plaintiff brings this motion, permits a party to seek relief from a final judgment because of "(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party." Fed. R. Civ. P. 60(b)(3). However, it is well-established that a motion to set aside judgment on these grounds "cannot be granted absent clear and convincing evidence of material misrepresentations and cannot serve as an attempt to relitigate the merits." Fleming v. New York Univ., 865 F.2d 478 (2d Cir. 1989); see Mastini v. Am. Tel & Tel. Co., 369 F.2d 378, 379 (2d Cir. 1966). In his motion, Plaintiff expresses disagreement with the Court's dismissal of his

2

actions as frivolous, and attempts to provide further allegations and arguments in support of the supposed injustice that he suffered at the hands of the defendants. However, outside of these accusations, he offers no evidence upon which the Court could find that he has clearly and convincingly demonstrated that the order dismissing his complaint was secured by fraud or misrepresentation.

In addition, the plain text of Rule 60(b)(3) required fraud or misconduct by *an opposing party*. Fed. R. Civ. P. 60(b)(3). To the extent that plaintiff believes the judges presiding over his cases have acted fraudulently, plaintiff is not entitled to relief under this section because he has not alleged that an opposing party has committed fraud or misconduct in connection with the judicial proceedings before this Court. See Gonzalez v. Crosby, 545 U.S. 524, 528 (2005); Simons v. United States, 452 F.2d 1110, 1115 (2d Cir. 1971) ("[C]lause (3) permits relief only for fraud of an adverse party"). Moreover, plaintiff's disappointment with the adverse decisions in his cases does not present "exceptional circumstances" that would justify relief under any other provision of Rule 60(b).

For the foregoing reasons, the Court finds that plaintiff has not presented any facts or arguments sufficient to warrant relief from the Court's August 2, 2011 order dismissing his action, and his September 2, 2011 motion to reconsider that order is therefore denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

SO ORDERED.   /Signed by Chief Judge Carol B. Amon/

CAROL BAGLEY AMON
United States District Judge

Dated: Brooklyn, New York
       October //, 2011

3